

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00515-CV

**IN THE MATTER OF THE ESTATE OF** Hugh Bob **SPILLER**, Deceased

From the 452nd District Court, Menard County, Texas
Trial Court No. 2013-02059
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Irene Rios, Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: August 5, 2026

AFFIRMED

This is our fifth (and hopefully last) opinion in this dispute regarding the last will and testament of Hugh Bob Spiller, who died in 2013.[1]

### BACKGROUND

When Hugh Bob Spiller died in 2013, his wife, Mary Lee Spiller Kothmann, initiated a probate proceeding by filing an application to probate a will dated August 21, 2009 ("the 2009

---

[1] *See In re Matter of Estate of Spiller* ("*Spiller I*"), No. 04-15-00449-CV, 2016 WL 3557206 (Tex. App.—San Antonio June 29, 2016, no pet.) (mem. op.); *In re Matter of Estate of Spiller* ("*Spiller II*"), No. 04-17-00109-CV, 2017 WL 2791283 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op.); *In re Matter of the Estate of Hugh Bob Spiller* ("*Spiller III*"), No. 04-18-00522-CV, 2019 WL 2360100 (Tex. App.—San Antonio June 5, 2019, pet. denied) (mem. op.); *In re Matter of Estate of Spiller* ("*Spiller IV*"), No. 04-22-00050-CV, 2023 WL 2733403 (Tex. App.—San Antonio Mar. 31, 2023, no pet.) (mem. op.).

Will). His daughter, Sharan Spiller Linebaugh, and his grandson, Reagan Willman, filed will contests, each claiming Hugh Bob lacked testamentary capacity and was under undue influence when he signed the 2009 Will. Reagan requested the court probate a will dated November 8, 2006 ("the 2006 Will"). Notably, Sharan was not named as a beneficiary under either of her father's wills.

Later, at a pretrial hearing, the parties announced they had reached an agreement—the Spiller Family Settlement Agreement—which called for, among other things, Reagan and Sharan to dismiss their will contests and for the court to admit the 2006 Will to probate. At the same hearing, Sharan nonsuited her claims.[2] At the end of that hearing, the trial court approved the agreement, indicating it would sign an order admitting the 2006 Will to probate. However, before such an order could be signed, Reagan withdrew his consent. The trial court entered an order admitting the 2006 Will to probate anyway and we, on appeal, vacated that order and remanded the case to the trial court for further proceedings.

Mary Lee then amended her pleadings, alleging Reagan breached the Family Settlement Agreement. Reagan's will contest was tried to a jury and the 2009 Will was declared null and void. But, then, Mary Lee's breach of contract claim proceeded before the trial court via competing motions for summary judgment. The trial court granted Mary Lee's motion and entered a final judgment admitting the 2006 Will to probate in accordance with the Family Settlement Agreement ("the 2018 Final Judgment"). Reagan appealed, and we dismissed the appeal, concluding he had waived his right to appeal the Spiller Family Settlement Agreement.

---

[2] In the 2023 opinion—*Spiller IV*—we mistakenly stated that Sharan was not a party to the Family Settlement Agreement. She was, the record conclusively demonstrates that, and we say so in *Spiller I*. See 2016 WL 3557206, at *1. In any event, our statement in the background section of *Spiller IV* was not dispositive to the decision and was therefore nothing more than obiter dictum. *See, e.g.*, *Lund v. Giauque*, 416 S.W.3d 122, 128-29 (Tex. App.—Fort Worth 2013, no pet.) ("Obiter dictum is a statement not necessary to the determination of the case and that is neither binding nor precedential.").

On April 24, 2020, Sharan filed a new petition contesting the validity of the 2006 Will, alleging that Hugh Bob lacked testamentary capacity and was under undue influence when he signed it. Mary Lee filed a no-evidence motion for summary judgment. And, then, Sharan amended her petition to add a claim asserting that the trial court improperly admitted the 2006 Will to probate without meeting the statutory criteria for a valid will. Mary Lee then filed a motion to dismiss the additional allegations. The trial court granted the no-evidence motion for summary judgment and dismissed Sharan's additional claim. On appeal from that order, we affirmed the summary judgment but reversed the dismissal, remanding the matter once again for further proceedings.

On remand, Mary Lee moved for traditional summary judgment on Sharan's claim that the 2006 Will was improperly admitted to probate without meeting the statutory requirements for a valid will. She also asserted that Sharan lacked standing to challenge the trial court's 2018 judgment, as she was not a party to the proceeding when it was entered. The trial court granted the motion, not setting forth its basis for doing so. Sharan timely appealed.

On appeal, Sharan contends that she does have standing, that she carried her burden to defeat summary judgment by raising a fact issue as to whether the 2006 Will fails to comply with the requirements of the Estates Code, and that, even if the existence of the Family Settlement Agreement would normally excuse the Will from the Estates Code requirements, she is entitled to challenge the probate of the 2006 Will because she was not a party to, and is not bound by, that agreement.

## STANDING

In her traditional summary judgment motion, Mary Lee contended Sharan did not have standing to contest the 2018 Judgment admitting the 2006 Will to probate. Specifically, Mary Lee

contends that when the 2018 Judgment was entered Sharan had nonsuited her claims and was no longer a party to the proceeding or the subsequent appeal that unsuccessfully challenged that Judgment. Sharan argued she had standing as an interested person under Texas Estates Code Section 22.018.

### A. Applicable Law and Standard of Review

Mary Lee's standing argument was asserted as a part of her summary judgment motion, which the trial court granted. We review both standing and orders granting summary judgment de novo.[3] *See Brashear v. Dorai*, No. 14-19-00194-CV, 2020 WL 5792304, at *2 (Tex. App.—Houston [14th Dist.] Sept. 29, 2020, no pet.). If the facts supporting standing are challenged with evidence, as they are here, our analysis of the standing issue mirrors our summary judgment review. *See Shannon v. Blair*, No. 04-21-00257-CV, 2022 WL 4492801, at *1 (Tex. App.—San Antonio Sept. 28, 2022, no pet.); *see also In re I.S.P.*, No. 01-22-00875-CV, 2024 WL 187438, at *3 (Tex. App.—Houston [1st Dist.] Jan. 18, 2024, no pet.). *See generally Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004).

Both parties argue Sharan's standing rises and falls based on the meaning of an interested person pursuant to Section 22.018 of the Estates Code. *See* TEX. ESTATES CODE § 22.018. To determine statutory standing, we analyze the construction of Section 22.018 to determine what parties are conferred standing under that provision and whether Sharan falls within that group. *See Brashear*, 2020 WL 5792304, at *2.[4]

---

[3] Typically, if a trial court does not specify the grounds it relied upon in making its determination, a reviewing court must affirm if any ground asserted is meritorious. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). But because standing is a component of subject-matter jurisdiction, it is not a traditional "independent" summary judgment ground by which to affirm, and we are still required to consider standing as a preliminary issue. *See Estate of Johnson*, 631 S.W.3d 56, 60 (Tex. 2021) ("In a will contest, a probate court addresses the standing question first. When a party challenges a contestant's interest in an estate, the trial court hears that issue during an *in limine* proceeding before hearing the contest itself.").

[4] Standing cannot be waived and may be raised for the first time on appeal. *See Brashear*, 2020 WL 5792304, at *2.

The Estates Code confers statutory standing on any person interested in an estate to contest the estate's administration in probate court. *Estate of Johnson*, 631 S.W.3d 56, 60 (Tex. 2021). An interested person includes "an heir . . . or any other having a property right in or claim against an estate being administered." *Johnson*, 631 S.W.3d at 60 (quoting TEX. ESTATES CODE § 22.018). The Texas Supreme Court has construed this language *broadly*. *See, e.g.*, *Estate of Butts*, 686 S.W.3d 768, 773–74 (Tex. App.—Beaumont 2023, no pet.) (citing *Ferreira v. Butler*, 575 S.W.3d 331, 335 (Tex. 2019)). In a will contest, a person contending they are an interested person must first establish their interest is a legally ascertainable pecuniary interest in the estate, real *or prospective*, absolute *or contingent*, that will be impaired *or benefited*, or in some manner materially affected, *by the outcome of the proceeding*. *See, e.g.*, *Johnson*, 631 S.W.3d at 60; *Brashear*, 2020 WL 5792304, at \*2.

## B. Analysis

Here, the following material facts are undisputed:

- The 2018 judgment admitted the 2006 Will to probate.
- Sharan filed a will contest alleging the 2006 Will was invalid.
- Sharan is Hugh Bob's daughter.
- If the trial court sustained Sharan's challenge to the purported will, Hugh Bob would then have died intestate.

Under those circumstances, Hugh Bob's separate property (not community property), if any, would need to be distributed among his heirs: his spouse *and Sharan*. See TEX. ESTATES CODE §§ 22.015 (stating that heir is person who is statutorily entitled to part of intestate decedent's estate); 201.002 (providing if person has spouse and children, separate property to be distributed to spouse and children). Construing the statute broadly as we must, we conclude Sharan would

qualify as a person interested in Hugh Bob's estate and has standing to bring the 2006 Will Contest. *See Brashear*, 2020 WL 5792304, at *2.

Mary Lee argues Sharan does not have standing because the 2006 Will disinherits her. But Mary Lee is wrong. The inquiry is not whether Sharan has an interest in the *will*; it is whether Sharan has an interest in the *estate*. *Brashear*, 2020 WL 5792304, at *2; *Evans v. Allen*, 358 S.W.3d 358, 364 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Because Sharan might be one of Hugh Bob's heirs if the will contest is successful, Sharan has standing regardless of the content of the 2006 Will. *Accord Evans*, 358 S.W.3d at 364 ("In a contest of a will already admitted to probate in which the contestant claims that an earlier will is the last valid will, a beneficiary under the prior will qualifies as a person interested in the estate and thus has standing to maintain the will contest."). Further, there is no requirement that, as Mary Lee appears to argue, Sharan must first be declared Hugh Bob's heir by a court hearing an heirship proceeding before she has standing to file a will contest. *See Johnson*, 631 S.W.3d at 60; *Brashear*, 2020 WL 5792304, at *2. Indeed, such an approach would eliminate the ability of anyone not receiving a will bequest to ever challenge a will already admitted to probate. That is contrary to the Estates Code's plain language providing a party can challenge a will within two years of its admission to probate if they have any interest in the estate. *See* TEX. ESTATES CODE §§ 22.018; 256.204(a) ("After a will is admitted to probate, an interested person may commence a suit to contest the validity thereof not later than the second anniversary of the date the will was admitted to probate, except that an interested person may commence a suit to cancel a will for forgery or other fraud not later than the second anniversary of the date the forgery or fraud was discovered.").

Mary Lee further asserts that Sharan has no standing to challenge the 2018 Judgment because she was not a party to the proceeding at the time the judgment was entered or to the appeal

that followed. But the Texas Estates Code section 256.204(a) provides, in part, "After a will is admitted to probate, an interested person may commence a suit to contest the validity thereof not later than the second anniversary of the date the will was admitted to probate." TEX. ESTATES CODE § 256.204(a). Thus, once the 2006 Will was admitted to probate, Sharan had standing to challenge the 2006 Will. And she timely did so.

Whether her challenge suffers the same fate as Reagan's brings us to the other issues set forth in Mary Lee's motion for summary judgment. But, as to standing, reviewing the evidence in the light most favorable to Sharan, indulging every reasonable inference in her favor, and resolving any doubts against Mary Lee's motion, Mary Lee was not entitled to traditional summary judgment as a matter of law on standing. TEX. R. CIV. P. 166a(c); *see, e.g.*, *Inwood Nat'l Bank v. Fagin*, 706 S.W.3d 342, 346 (Tex. 2025).

## FAMILY SETTLEMENT AGREEMENT

Sharan's final claim, the sole claim still pending before the court, urges that the 2006 Will was not properly admitted to probate because it failed to satisfy the formalities of the Texas Estates Code. Mary Lee argues in her motion for summary judgment that the 2018 Judgment was entered to specifically enforce the Family Settlement Agreement, which was by its nature a contractual agreement to avoid the formalities of probate relating to the 2006 Will.[5] Sharan concedes "that a Family Settlement Agreement can be used to avoid the formalities of probate" but asserts that it cannot do so in this case because she was not a party to the agreement. The question, then, is: Was Sharan bound by the Family Settlement Agreement?

---

[5] A family settlement agreement is an alternative method of estate administration favored under Texas law. *Austin Tr. Co. as Tr. of Bob & Elizabeth Lanier Descendants Trusts for Robert Clayton Lanier, Jr. v. Houren*, 664 S.W.3d 35, 44 (Tex. 2023). Because it is an *alternative* method of estate administration to probating a will, it is *not* subject to the same requirements of wills under Sections 256.151 and 256.152 of the Estates Code. *See* TEX. ESTATES CODE §§ 256.151–152.

A party moving for traditional summary judgment bears the burden of proving there is no genuine issue of material fact as to at least one essential element of the cause of action being asserted and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see, e.g.*, *Inwood Nat'l Bank v. Fagin*, 706 S.W.3d 342, 346 (Tex. 2025). If the movant meets that burden, the burden shifts to the nonmovant to present evidence raising a fact issue. *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 583 (Tex. 2023). When reviewing a traditional motion for summary judgment, we review the evidence in the light most favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts against the motion. *Inwood Nat'l Bank*, 706 S.W.3d at 346; *Brashear*, 2020 WL 5792304, at *2. But we cannot disregard conclusive evidence—evidence upon which "reasonable people could not differ in their conclusions." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *see, e.g.*, *Helix Energy Sols. Group, Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017).

Mary Lee presented evidence in support of her motion to demonstrate Sharan's acceptance of the Family Settlement Agreement. First, she presented as evidence the transcript of a proceeding in 2015 wherein the Family Settlement Agreement was read into the record. At that hearing, the court noted that the parties have arrived at an agreement, accepted Attorney Allen Ahlschwede's announcement that he was there representing Sharan, and approved the nonsuit filed by Mr. Ahlschwede on Sharan's behalf. Directly after the court accepted the nonsuit, Mr. Ahlschwede stated, "And for the record, Your Honor, my client will be joining in the settlement that we're discussing here today." In fact, it is apparent from the record that the nonsuit was filed in furtherance of the parties' agreement, as set forth below.

When reciting the agreement to the court, in the presence of Sharan's counsel, the attorney for Mary Lee stated, "The parties have reached a family settlement agreement, those parties being

Mary Lee Spiller, Sharan Spiller Linebaugh, Reagan Willman and the Library Club of Menard, Inc." He then stated that the settlement agreement is intended to resolve all claims relating to the estate of Hugh Bob Spiller and that "[t]he 2006 will shall be admitted to probate expressly subject to the terms of this agreement." Counsel for Mary Lee continued, stating that "Mary Lee, Reagan, and Sharan shall all dismiss their contests or applications to probate will with prejudice concurrent with the execution of this agreement and the entry of an order admitting the 2000[sic] will to probate." Further, counsel for Mary Lee stated, "Sharan—and when I refer to Sharan, I'm referring to Sharan Linebaugh Spiller [sic] – shall allow the executor, Mary Lee and her counsel to inspect the ranch within 14 days to identify any personal property that belongs to the estate. . . [and] all parties, litigants agree that the executor shall distribute the real property of the estate according to this agreement." It was further stated on the record, as part of the agreement as accepted by the court that "Sharan and/or entity—any entity that she has formed shall join in any documents that are needed to fully accomplish the conveyance as set forth herein." Finally, counsel for Mary Lee read into the record that "[a]s the consideration for this agreement that Mary Lee, Reagan, Sharan and the Library Club do hereby mutually, fully, finally and totally release the other and each of them and their agents and attorneys, and forever discharges the other and each of them, their agents and attorneys from any and all claims, demands, damages, actions, cause of action, suits at law or in equity of any kind or nature that arise out of or relate to the estate." Mr. Ahlschwede, on behalf of Sharan, then took the opportunity to clarify for the court the terms of the agreement, stating he was seeking "to put this to bed forever."

Mary Lee also presented the affidavit of Chris Wallendorf, temporary administrator of the Estate of Bob Hugh Spiller, appointed as a result of the agreement. Mr. Wallendorf testified that after the 2015 Judgment, he worked with Sharan to take advantage of the terms of the Family

Settlement Agreement, with her actually taking advantage of the rights given to her son, Reagan, therein. Specifically, Reagan, as the remainderman of a life estate on certain acreage owned by the estate, was entitled (pursuant to the Family Settlement Agreement) to lease the property from Mary Lee, who was given a life interest in the acreage. But Sharan, rather than Reagan, worked directly with Wallendorf to lease the acreage on behalf of her son and to make the annual payments required by the Family Settlement Agreement. Attached to his affidavit are several email communications from Sharan addressing the lease and her efforts to satisfy the requirements of same, even checks written by her for the lease.

Because Mary Lee's summary judgment evidence conclusively proves Sharan was a party to the Family Settlement Agreement and that she took advantage of the terms of that agreement, benefitting by it, it was incumbent upon Sharan to present evidence to raise a genuine issue of material fact showing she was not a party to it or otherwise subject to it. *See City of Keller*, 168 S.W.3d at 816. But, in her response, Sharan simply pointed to the bit of obiter dictum mentioned above from our opinion in *Spiller IV* that she was not a party to the Family Settlement Agreement. She was; the record conclusively demonstrates it, and the *Spiller IV* statement certainly cannot be used as evidence to create a genuine issue of material fact.

Because Sharan failed to carry her burden, we cannot conclude the trial court improperly granted summary judgment to Mary Lee.[6] *See Wal-Mart Stores, Inc.*, 663 S.W.3d at 583.

## CONCLUSION

While we find Sharan did have standing to pursue her claims, we affirm the trial court's grant of summary judgment on her last remaining claim as she failed to meet her burden to create

---

[6] Because we conclude the trial court properly granted summary judgment as to whether Sharan was a party to the Family Settlement Agreement, we do not reach the other independent ground asserted by Mary Lee, i.e, that the 2006 Will was not otherwise subject to the proof requirements of the Estates Code because it contained a self-proving affidavit. *See* TEX. R. APP. P. 47.1.

a genuine issue of material fact which would have precluded the entry of the 2018 Judgment. We, therefore, affirm the trial court's judgment.

Lori Massey Brissette, Justice